FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 AUG 11 A 9:58
LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CURTIS SIMMONS** | * | **CIVIL ACTION NO. 06-4237** |
| | * | |
| | * | |
| **VERSUS** | * | **SECTION:** SECT L MAG 2 |
| | * | |
| | * | |
| **TRANSOCEAN OFFSHORE** | * | |
| **DEEPWATER DRILLING, INC.** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**COMPLAINT**

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, AND THE JUDGES THEREOF:

The Complaint of Plaintiff, Curtis Simmons, respectfully represents:

1.

Plaintiff, Curtis Simmons, is of the full age of majority and is a citizen of the State of Mississippi.

2.

Made Defendant in this case is TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. (hereinafter sometimes referred to as "Transocean"), a foreign corporation which is authorized to do and is doing business in this judicial district.



Fee $350.
X Process
X Dktd
CtRmDep
Doc. No

3.

This Honorable Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. 1333, admiralty and maritime jurisdiction, and 28 U.S.C. 1331 federal question jurisdiction based on the Jones Act, 46 U.S.C. 688.

4.

Venue is proper in this judicial district pursuant to 28 U.S.C. 1391, as Defendant does and is doing business in this judicial district.

5.

On June 2, 2005, Plaintiff, Curtis Simmons, was employed by Transocean as a roustabout and was working aboard the MARIANIS, a submersible drilling rig, which is legally deemed a vessel under the Jones Act and within the admiralty jurisdiction.

6.

At all material times hereto, the MARIANIS was owned and operated by Transocean.

7.

On June 2, 2005, while in the course of his employment for Transocean, Plaintiff Curtis Simmons, was injured while attempting to remove a crane sling that had been wrapped around a pup joint, which pup joint had been improperly placed in a basket loosely with another pup joint. When the other pup joint shifted, it caused other items in the basket to move, crushing Plaintiff's right hand. Both pup joints still had drilling mud on them and had not been properly cleaned.

8.

Plaintiff avers that Transocean, through its employees, agents and representatives for whom it is responsible, was negligent and at fault in the following non-exclusive particulars:

A. Not using the basket that was specifically designed to store the pup joints;

B. Lowering two pup joints with the crane at the same time;

C. Failing to use a lift nipple (or cap) on the pup joint from which Plaintiff was required to attempt to remove the crane sling;

D. Improperly rigging the sling around the pup joint from which Plaintiff was required to attempt to remove the crane sling;

E. Placing two pup joints loosely in a regular crane basket;

F. Allowing the roustabouts or floor hands on the drill floor to attach two pup joints to be lowered at the same time;

G. Failing to properly supervise the operation of moving the pup joints from the drill floor to the pipe rack on the main deck;

H. Failing to properly clean the pup joints when they were taken out of the hole such that they were still coated with drilling mud which allowed them to slide and move when placed in the basket;

I. Operating in a hasty manner and rushing the operation of removing the joints of pipe from the hole; and

J. Other acts of negligence to be identified during discovery.

9.

Plaintiff avers that Defendant's negligent conduct, as enumerated above, was in violation of regulations and laws enacted for the safety of plaintiff and as such no fault can legally be attributed to Plaintiff, pursuant to 45 U.S.C. 53, as incorporated into the Jones Act.

10.

Plaintiff further avers that The MARIANIS was unseaworthy in the following non-exclusive respects:

A. Having an inadequate number of specially designed baskets to store the known amount of pup joints used in the hole;

B. Having an inadequate number of lift nipples or caps to used in moving the pup joints;

C. Failure to have a properly trained crew on the vessel.

11.

As a result of the aforementioned negligence of Defendant, Transocean, through its employees, agents and representatives for whom it is legally responsible and the unseaworthiness of the MARIANIS, Plaintiff, Curtis Simmons, has suffered physical injuries to his right hand, including fractures to bones and injuries to other structures which has necessitated multiple surgeries and the placement of a plate and screws in the hand. Plaintiff Curtis Simmons has suffered and will suffer damages in the form of lost wages, disability, disfigurement, medical expenses, physical pain and suffering, and mental anguish - all past, present, and future. Defendant is liable to Plaintiff for these damages.

WHEREFORE, after all due proceedings are had, Plaintiff prays that judgment be rendered in his favor and against Defendant, Transocean Offshore Deepwater Drilling, Inc. in an amount sufficient to compensate Plaintiff for his damages, and for all costs incurred in bringing this action, and for legal interest allowed by law.

Plaintiffs further pray for all general and equitable relief to which they may be entitled.

**Respectfully Submitted,**

**The Cochran Firm - New Orleans**

RICHARD J. GUIDRY, T. A. (#18927)
DARRYL M. PHILLIPS (#19736)
1580 LL&E Tower
909 Poydras Street
New Orleans, LA 70112
Telephone (504) 588-1580
Facsimile (504) 588-1589
**Attorneys for Plaintiff**